**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-20151
_____


JEFFREY MOORE,

Plaintiff-Appellee,


VERSUS


THE CITY OF HOUSTON, ET AL

Defendants,

THE CITY OF HOUSTON

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-773)
_____

July 2, 2001

Before HIGGINBOTHAM, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The City of Houston ("the City") lodged this appeal following
the entry of judgment against it after a jury rendered a verdict in
favor of Jeffrey Moore.  Moore filed this suit following his

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5th Cir. R. 47.5.4.

indefinite suspension from the Houston Fire Department. He sought relief on a number of grounds, but the only ground on which he recovered was under the Texas Whistleblower Act ("the Act"). The jury rendered a verdict in favor of Moore on his claim of retaliatory discharge as a result of whistleblowing activity and awarded damages in the amount of $104,446. After fixing the amount of attorney's fees and costs at $124,850, the district court entered judgment on the verdict as supplemented by the award for attorney's fees.

On appeal, the City raises the following issues: 1) whether Moore satisfied the Act's requirement of initiating an administrative grievance or appeal before filing suit; 2) whether Moore was a "reporter" under the Act; 3) whether Moore needed to demonstrate that he reported an actual violation of law; 4) whether Moore produced sufficient evidence to establish a causal relationship between whistleblowing activity and his termination; 5) the propriety of a jury instruction relating to whether the activity on which Moore reported was a violation of law; and 6) whether the district court awarded an excessive amount of attorney's fees.

1)

The City argues first that Moore failed to satisfy the Act's jurisdictional requirement of asserting an administrative claim.[1]

---

[1]Interestingly, the City did not present this argument to the district court.

2

The only administrative claim requirement is set forth under Texas Gov't Code Ann. § 554.006(a) (Vernon Supp. 2000), which provides that: "[a] public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter."

After Moore received notice that he had been indefinitely suspended, he timely filed a notice of appeal with the Civil Service Commission. In the proceeding before the Civil Service Commission, Moore testified that he had been retaliated against for blowing the whistle on the fire department. Thus, Moore initiated action under the City's appeal procedures, and thereby satisfied the administrative claim requirements of the statute.

2)

The City next argues that Moore did not establish that he was a "reporter" of wrongdoing and that at most he established that he was a witness. The record does not support the City's argument. Moore testified that he reported the deletion of service requests on equipment to: Sergeant Fletcher with the Houston Police Department; Tommy Shelton, a master mechanic with the fire department; and Frank Gore, a shop foreman also with the fire department. Moreover, Sergeant Fletcher's testimony confirmed Moore's report to him.

3)

3

The City argues next that Moore only reported violations of internal fire department policy, not violations of law. As a whistleblower, however, Moore only needed to have a good faith belief that the deletion of work orders constituted a violation of law, not that his belief was correct. <u>Texas Dep't of Crim. Justice v. Terrell</u>, 925 S.W.2d 44, 60 (Tex.App.-Tyler 1995, no writ). The jury was entitled to find that Moore reasonably believed that the deletion of work orders, which could result in damaging public property and imperiling lives, was a violation of law.

4)

The City argues next that Moore failed to establish a causal connection between his whistleblowing activity and his indefinite suspension. The City points to its evidence that it fired Moore because he made false statements in his employment application. It is uncontested that Moore falsely represented in his employment application that he held a MBA degree from the University of Houston.

At the time of his indefinite suspension, Moore had been employed by the Houston Fire Department over two years. Moore argued that after he reported the deletion of requests to repair fire department equipment, his immediate supervisor, Steve Dornak, looked through his personnel file searching for a reason to suspend him. This search revealed that Moore's original application indicated that he held a MBA degree, but a later application for promotion did not represent that he held such a degree. Dornak

4

testified that it was "by sheer chance" that he reviewed Moore's original application and discovered this discrepancy. He sent these conflicting applications on to human resources, which indefinitely suspended Moore for making a false statement in his employment application.

The jury was entitled to conclude that Dornak searched Moore's personnel file because of Moore's whistleblowing activity, that this search led to the discovery of the false statement, which in turn led to Moore's indefinite suspension. The Texas Supreme Court has established a generous standard for establishing causation in whistleblower cases. In Texas Dep't of Human Servs. v. Hinds, 904 S.W.2d 629 (Tex. 1995), the court stated that: "[t]he standard of causation in whistleblower and similar cases should be that the employee's protected conduct must be such that without it, the employer's prohibited conduct would not have occurred when it did." Id. at 636.

Thus, the jury was entitled to conclude that, but for the whistleblowing activity, the false statement in the application would not have been discovered in 1997 and Moore would not have been indefinitely suspended at that early date. We are satisfied, therefore, that the jury was entitled to find that, but for Moore's whistleblowing activity, the City would not have indefinitely suspended Moore when it did.

5)

The City argues finally that the court erred in instructing

5

the jury that "the Houston Fire Department's failure to follow its own internal policies regarding equipment service requests constitution [sic] a violation of law under the Whistleblower Act." The City, however, did not object to this instruction and we therefore only review for plain error. Given the nature of the misconduct Moore reported, namely, the intentional deletion of requests to service vital fire department equipment, we are satisfied that the court's instruction that this conduct amounted to a violation of law is not plain error.

6)

Finally, the City challenges the amount of the district court's award of attorney's fees. Our review of the record reveals no abuse of discretion in the amount the court awarded.

## Conclusion

For the reasons stated above, we AFFIRM the judgment of the district court.